# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 31, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dana T. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0937-CDA

Dear Counsel:

On March 30, 2024, Plaintiff Dana T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6) and the parties' briefs (ECFs 9, 12, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on February 16, 2021, alleging a disability onset of December 30, 2017.[2] Tr. 193-98, 222-36. Plaintiff's claims were denied initially and on reconsideration. Tr. 88-110. On June 28, 2023, an Administrative Law Judge ("ALJ") held a hearing via telephone but rescheduled the hearing as a video hearing due to Plaintiff's hearing difficulties and need for closed captioning. Tr. 81-87. On July 7, 2023, the ALJ held a video hearing. Tr. 47-80. Following the video hearing, on August 16, 2023, the ALJ determined that Plaintiff was disabled within the meaning of the Social Security Act[3] from June 28, 2016 through November 14, 2018 ("the closed period"). Tr. 28. However, the ALJ

---

[1] Plaintiff filed this case against Commissioner, Social Security on March 30, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] The ALJ reopened Plaintiff's prior Title II application, filed on July 22, 2020, because the February 16, 2021 application "was filed within 12 months of the initial determination on the prior application" and the ALJ found "a reason for reopening the prior application." Tr. 18 (citing 20 C.F.R. § 404.988).

[3] 42 U.S.C. §§ 301 et seq.

*Dana T. v. Dudek*
Civil No. 24-0937-CDA
March 31, 2025
Page 2

determined that on November 15, 2018, medical improvement occurred related to Plaintiff's ability to work. Tr. 32. Therefore, the ALJ concluded that Plaintiff's disability ended November 15, 2018, and that Plaintiff "has not become disabled again since that date." Tr. 32, 38. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Additionally, "[t]he Commissioner must follow certain steps when it finds medical improvement of a previously established disabling condition." *Lisa D. v. Berryhill*, No. TMD 17-2488, 2018 WL 6696795, at *4 (D. Md. Dec. 20, 2018) (citing 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii)). This additional eight-step evaluation process requires the Commissioner to consider whether (1) the claimant has engaged in substantial gainful activity; (2) the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listings; (3) the claimant has seen medical improvement in her previously disabling condition; (4) medical improvement is related to the claimant's ability to do work; (5) an exception to medical improvement applies; (6) all current impairments are severe; (7) a claimant's current RFC allows her to return to past relevant work; and, if not, (8) the claimant can perform other work. *See id.* "If the Commissioner finds conclusively that a claimant is disabled at any point in this process, review does not proceed to the next step." *Id.* (quoting *Davis v. Colvin*, No. 5:13-CV-98, 2015 WL 404213, at *4 (W.D.N.C. Jan. 29, 2015)).

Here, in determining whether Plaintiff was disabled within the meaning of the Act, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity (SGA) since June 28, 2016, the date [Plaintiff] became disabled." Tr. 22. At step two, the ALJ found that, from June 28, 2016 through November 14, 2018, Plaintiff suffered from the severe impairments of "status post left total hip replacement with subsequent infection, spacer implant, and removal of spacer and reimplantation of hip replacement with small calcifications due to prior surgeries; obesity with a body mass index (BMI) in the low 40s; lumbar spondylosis with multilevel mild stenosis." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of GERD, hyperlipidemia, hearing loss, hypertension, diabetes, vision issues, inguinal hernia, umbilical hernia, midfoot arthritis, and insomnia. Tr. 22-23. The ALJ further found Plaintiff's

*Dana T. v. Dudek*
Civil No. 24-0937-CDA
March 31, 2025
Page 3

allegations of anxiety and head trauma to be not medically determinable. Tr. 23. At step three, the ALJ determined that, from June 28, 2016 through November 14, 2018, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that, from June 28, 2016 through November 14, 2018, Plaintiff retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a) except she could only occasionally perform all postural activities and occasionally be exposed to vibration. Additionally, she would be absent more than one day per month due to surgeries/recovery." Tr. 24. The ALJ determined that, from June 28, 2016 through November 14, 2018, Plaintiff was unable to perform past relevant work as a claims clerk I (DOT[4] #241.362-010) and there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 27-28. Therefore, the ALJ concluded that Plaintiff was disabled from June 28, 2016 through November 14, 2018. Tr. 28.

The ALJ then evaluated, under the additional eight-step evaluation process, whether Plaintiff's disability continued through the date of her decision. Tr. 28-38. The ALJ determined that Plaintiff's disability ended as of November 15, 2018. Tr. 32. First, the ALJ found that Plaintiff suffered from the current severe impairments of "status post left total hip replacement with subsequent infection, spacer implant, and removal of spacer and reimplantation of hip replacement with small calcifications due to prior surgeries; obesity with a body mass index (BMI) in the low 40s; lumbar spondylosis with multilevel mild stenosis; status post right ankle/foot surgery April 2021 and April 2022." Tr. 28. The ALJ also determined that Plaintiff suffered from the non-severe impairments of GERD, hyperlipidemia, hypertension, diabetes, vision issues, hearing loss, hernias, insomnia, status post hysterectomy, skin problems, left trigeminal neuralgia, vertigo, vestibular migraine, possible Meniere's disease, left foot injury, rib injury, left gastric tear, contusion to left hip, and arthritis in left hand with osteopenia. Tr. 28-30. The ALJ further found Plaintiff's allegations of anxiety to be not medically determinable. Tr. 30. Second, the ALJ determined that, beginning November 15, 2018, Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Third, the ALJ found that medical improvement occurred as of November 15, 2018, the date Plaintiff's disability ended. Tr. 32. Fourth, the ALJ found that this medical improvement "is related to the ability to work because there has been an increase in [Plaintiff's] residual functional capacity." *Id.* The ALJ determined that, beginning November 15, 2018, Plaintiff retained the RFC to "perform sedentary work as defined in 20 CFR 404.1567(a) except she can only occasionally perform all postural activities and occasionally be exposed to vibration." *Id.* The ALJ next determined that, given Plaintiff's

---

[4] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .*, are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Dana T. v. Dudek*
Civil No. 24-0937-CDA
March 31, 2025
Page 4

increased RFC beginning November 15, 2018, Plaintiff has been capable of performing past relevant work as a claims clerk I. Tr. 37. Therefore, the ALJ concluded that Plaintiff was not disabled as of November 15, 2018, and that Plaintiff "has not become disabled again since that date." Tr. 38.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff raises two arguments on appeal, specifically that (1) the ALJ "erred in her evaluation of the medical and vocational opinion evidence, her assessment of medical impairment listings . . . , her assessment of [RFC] . . . , and her assessment of [Plaintiff's] credibility and exertional and non-exertional limitations[,]" and (2) the ALJ "erred in her evaluation of the Vocational Expert opinion evidence, and did not meaningfully consider the favorable and relevant medical and vocational evidence[.]" ECF 9, at 10-40; ECF 17, at 1-8. Defendant counters that courts have condemned Plaintiff's "kitchen-sink approach" to briefing and insists that substantial evidence supports the ALJ's findings. ECF 12, at 7-25.

Because it finds the argument dispositive, the Court begins with Plaintiff's challenge to the ALJ's medical improvement finding. *See* ECF 9, at 13-17. A decrease in the medical severity of an impairment sufficient to constitute medical improvement must be substantiated by changes in signs, symptoms, or laboratory findings. 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [the claimant was] disabled." *Id.* The date of the most recent favorable medical decision is called the "point of comparison." *Id.* § 404.1594(b)(7), 416.994(b)(1)(vii). When, as here, however, the Commissioner finds that the claimant is disabled for a closed period in the same decision in which she found that a medical improvement occurred, the disability onset date is the "point of comparison." *Small v. Astrue*, No. 7:08-CV-141-FL, 2009 WL 3029737, at *10 (E.D.N.C. Sept. 22, 2009). The medical improvement must also be linked to a claimant's ability to work. *See Lisa D.*, 2018 WL 6696795, at *4 (holding that "[t]he ALJ, however, 'must both identify evidence that supports his conclusion and build an accurate and

*Dana T. v. Dudek*
Civil No. 24-0937-CDA
March 31, 2025
Page 5

logical bridge from [that] evidence to his conclusion' that medical improvement related to Plaintiff's ability to work[.]") (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (internal quotations omitted), *superseded on other grounds as recognized in Rogers v. Kijakazi*, 62 F.4th 872, 878-80 (4th Cir. 2023))).

Plaintiff asserts that the ALJ, in finding medical improvement, "clearly cherrypicked and played doctor, taking statements out of context." ECF 9, at 14. The Court agrees. In finding that medical improvement occurred as of November 15, 2018, the ALJ found that:

> On November 15, 2018, claimant endorsed left-sided weakness but was having no issues with her hip (6F/12-13). She had lost 12 pounds and had minimal discomfort (*Id.*). Although she used a cane for ambulation on symptomatic days, most days she was okay (*Id.*). On exam, her operative hip had improved range of motion and no signs of infection (*Id.*). She had no pain and good strength with resisted SLR (*Id.*).

Tr. 32. At the time of the November 15, 2018 exam, Plaintiff's medical provider noted that they "anticipate [Plaintiff] will be 2 years post-op [from her March 2018 left hip replacement surgery] before her symptoms improve." Tr. 772. During the exam, Plaintiff reported "muscle aches and arthralgias/joint pain" and walked with a mild limp. *Id.*

The ALJ also noted the following in finding medical improvement as of November 15, 2018:

> In March 2019, x-rays showed stable left hip arthroplasty (6F/11). Claimant reported that her left hip was doing well although she was having right hip and knee pain (6F/10). She was noted to have chronic post-surgical tenderness but was doing well from her doctor's standpoint (*Id.*). There were no significant concerns that required aggressive intervention, and claimant was to follow-up in one year (*Id.*). In light of this and the other evidence of record, the undersigned finds medical improvement occurred as of November 15, 2018.

Tr. 32. Careful review of the March 2019 exam shows the medical provider noted Plaintiff "is unable to stand or walk for long periods of time without assistance due to the right hip." Tr. 769. Moreover, Plaintiff reported the right hip and knee "becoming progressively painful" and that she sustained a recent fall on the right knee. *Id.* During the exam, Plaintiff reported "muscle aches and arthralgias/joint pain," and she continued to walk with a limp. *Id.* These facts and observations constitute evidence pointing to a disability finding. However, the ALJ's discussion regarding medical improvement omitted this evidence; the discussion of such evidence within the context of the RFC does not indicate how, if at all, the ALJ weighed (and, ultimately, discounted) this evidence as to the issue of medical improvement. *See Lisa D.*, 2018 WL 6696795, at *5 (remanding where the ALJ failed to build an accurate and logical bridge from the evidence—cited by the ALJ in reference to plaintiff's RFC—to the ALJ's finding of medical improvement). Therefore, the Court concludes that the ALJ's finding of medical improvement was unsupported by substantial evidence because it failed to address such disability evidence in determining medical

*Dana T. v. Dudek*
Civil No. 24-0937-CDA
March 31, 2025
Page 6

improvement occurred. *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." (internal quotation marks and citation omitted)).

Moreover, the Court does not find substantial evidence of a "decrease in the medical severity of [Plaintiff's] impairment(s)" that related to her ability to work. See *Lisa D.*, 2018 WL 6696795, at *4; *see* 20 C.F.R. § 404.1594(b)(1). The ALJ determined that while Plaintiff's "left hip impairment(s) would prevent her from performing more than sedentary exertional work, due to problems standing/walking, etc., it would not cause her to be excessively absent or off-task during work." Tr. 32-33. However, the ALJ failed to explain how Plaintiff would no longer "be absent more than one day per month due to surgeries/recovery" as of November 15, 2018. *See* Tr. 24. As such, the Court finds that the ALJ failed to build an accurate and logical bridge from the evidence they identified to their conclusion that medical improvement on November 15, 2018, related to Plaintiff's ability to work.

The ALJ's errors are not harmless. During the hearing, the vocational expert testified that a hypothetical employer would typically tolerate one absence per month "but nothing over that." Tr. 79. The ALJ failed to explain how, despite Plaintiff's impairments, Plaintiff would no longer require more than one absence per month due to surgeries/recovery beginning November 15, 2018. *See Lewis*, 858 F.3d at 868 ("The ALJ's failure to build an accurate and logical bridge from the evidence to his conclusion constitutes reversible error." (internal quotation marks and citation omitted)). Upon a proper evaluation of Plaintiff's purported medical improvement, in conjunction with the vocational expert's testimony, an ALJ *may* find that Plaintiff's absenteeism requirements exceeded the time deemed work-preclusive by the vocational expert.

Lastly, the Court declines to award benefits, as Plaintiff requests. ECF 9, at 16. Plaintiff avers that an award is appropriate due to the ALJ's "arbitrary" medical improvement finding. *Id.* The Fourth Circuit has long adhered to the principle that district courts may reverse a case for payment of benefits only in "rare circumstances." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Those rare circumstances exist only where the record clearly established disability and "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 492 F.2d 1002, 1012 (4th Cir. 1974). Otherwise, the "proper course" is to "remand to the agency." *Radford*, 734 F.3d at 296. Here, an award of benefits is improper because the record does not reflect a "clear establishment" of disability. *Breeden*, 492 F.2d at 1012.

Because the case is being remanded on these grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff's disability ended on November 15, 2018 and that Plaintiff has not become disabled again since that date, is correct.

## V.    <u>CONCLUSION</u>

*Dana T. v. Dudek*
Civil No. 24-0937-CDA
March 31, 2025
Page 7

      For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge